Case 11-12668    Filed 06/26/12    Doc 73

FILED

JUN 26 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 11-12668-B-13 |
| Alvina Eileen Fischer, | DC No. AF-1 |
| Debtor. | |

**MEMORANDUM DECISION REGARDING DEBTOR'S OBJECTION TO EVERHOME MORTGAGE COMPANY'S NOTICE OF MORTGAGE PAYMENT CHANGE**

This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Debtor, Alvina Eileen Fischer appeared *in propria persona*.

Kristen Gates, Esq., appeared on behalf of the chapter 13 trustee, Michael H. Meyer, Esq.

Before the court is an objection (the "Objection") filed by the debtor, Alvina Eileen Fisher (the "Debtor") to a Notice of Mortgage Payment Change filed by Everhome Mortgage Company ("Everhome"). For the reasons set forth below, the Debtor's Objection will be sustained in part.

This memorandum contains the court's findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 1325[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern

---

[1] Unless otherwise indicated, all bankruptcy, chapter, code section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8,

District of California. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

**Background.**

This bankruptcy was filed under chapter 13 on March 8, 2011. On August 1, 2011, Everhome filed a proof of claim for the mortgage against the Debtor's residence in the amount of $156,710.62. Based on documents attached to the proof of claim, it appears that the Debtor's mortgage originated with Mission Hills Mortgage Corporation ("Mission Hills") on March 1, 2001. At that time, the Debtor borrowed $145,000 secured by a deed of trust against her residence. Section 3 of the deed of trust, entitled "Funds for Escrow Items," required the Debtor to pay Mission Hills, in addition to the regular principal and interest, sufficient funds to cover, *inter alia*, the property taxes and insurance (the "Escrow Account"). The mortgage was assigned to Everhome on July 31, 2008.

Everhome's proof of claim stated that there was an arrearage at the commencement of the case in the amount of $36,335.22, including numerous late charges and "inspection fees." The monthly mortgage payment was stated to be $1,786.19, which included an "escrow" payment of $747.39. The Debtor's modified chapter 13 plan (the "Plan") was confirmed at a hearing on June 9, 2011.[2] The Plan provides that the arrearages will be paid through the Plan. However, the Debtor will make her post-petition mortgage payments to Everhome in the amount of $1,038.80 per month, outside of the Plan.

On April 9, 2012, "Everbank" filed a Notice of Mortgage Payment Change ("Payment Change Notice") pursuant to FRBP 3002.1(b). The Payment Change Notice stated that the "escrow" portion of the mortgage payment was being reduced from $747.39 to $269.05 without any change to the principal and interest portion of the mortgage payment.

---

Apr. 20, 2005, 119 Stat. 23.

[2]The court did not receive and enter a proposed confirmation order until June 15, 2012.

2

On May 9, 2012, the Debtor filed and served the Objection in which she disputed, *inter alia*, to the requirement to pay any money for the "escrow." The Debtor contends that she has paid her own property taxes and insurance and that the Escrow Account is not necessary. Everhome did not respond to the Objection or appear at the hearing . The Debtor also objects to Everhome's accounting and application of the funds that she had previously paid into the Escrow Account, but resolution of that dispute will require an adversary proceeding and is beyond the scope of this Objection. The court deems the Objection to be a timely motion pursuant to FRBP 3002.1(e) to determine whether further payment to the Escrow Account is required by the mortgage agreement.[3]

In support of her Objection, the Debtor produced a copy of a letter from Mission Hills dated June 3, 2002, prior to Everhome's acquisition of the mortgage, advising the Debtor that her "impound account" has been removed and that her mortgage payment of principal and interest only would be $1,038.80. The Debtor stated in a declaration that she has been paying the property taxes. She also produced evidence to show that her residence is currently insured by AAA of Northern California with Everhome named as the mortgagee. Based on the evidence and statements offered in support of the Objection, and Everhome's lack of response thereto, the court is persuaded that the disputed escrow payment is not required by the underlying mortgage agreement and applicable non-bankruptcy law to cure a default or to maintain payments on the mortgage.

/ / /

---

[3]Rule 3002.1(e) provides a mechanism for resolving disputes over any charge to an escrow payment. It states:

> (e) Determination of Fees, Expenses, or Charges. On motion of the debtor or trustee filed within one year after service of a notice under subdivision (c) of this rule, the court shall, after notice and hearing, determine whether payment of any claimed fee, expense, or charge is required by the underlying agreement and applicable nonbankruptcy law to cure a default or maintain payments in accordance with § 1322(b)(5) of the Code.

**Conclusion.**

Based on the foregoing, the Debtor's objection will be sustained to the extent she seeks a declaration that the escrow or impound component of her original mortgage agreement is no longer required.

Dated: June 26, 2012

W. Richard Lee
United States Bankruptcy Judge

Alvina Eileen Fischer, Case No. 11-12668-B-13

Alvina Eileen Fischer
9124 E. Herndon Ave.
Clovis, CA 93619

Everhome Mortgage
c/o Robinson Tait, P.S.
710 Second Ave., Ste. 710
Seattle, WA 98104

Everhome Mortgage
P.O. Box 79301
Jacksonville, FL 91716-9301

Everhome Mortgage Company
8100 Nations Way
Jacksonville, FL 32256

William G. Malcolm
Authorized Agent for Everhome Mortgage
8120 Nationsway, Building 100
Jacksonville, FL 32256

Michael H. Meyer, Esq.
Chapter 13 Trustee
P.O. Box 28950
Fresno, CA 93729-8950

Office of the U.S. Trustee
United States Courthouse
2500 Tulare Street, Suite 1401
Fresno, CA 93721